**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **CHAPTER 13 PLAN** |
| Grant D. Hanson, Debtor | Dated:   March 23, 2016 |
| | Case No. |
| Deborah L. Hanson, Joint Debtor | |

**1. DEBTOR'(S) PAYMENTS TO THE TRUSTEE-**

a.   As of the date of this plan, the debtor(s) has/have paid the trustee:   n/a

b.   After the date of this plan, the debtor(s) will pay the trustee:   850.00   Per Month   For   36   months, beginning
     Within 30 days after the order for relief for a total of :   30,600.00   The minimum plan length is   36   months
     From the date of the initial plan payment unless all allowed claims are paid in a shorter time.

c.   The debtor(s) will also pay the trustee:

d.   The debtor(s) will pay the trustee a total of:   30,600.00   [line 1(a) + line 1(b) = line 1©.

**2. PAYMENTS BY TRUSTEE** –The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or   3,060.00   [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |
| c. | TOTAL | | | |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor(s) assume(s) the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| | Creditor | Description of Property |
|---|---|---|
| a. | | |
| b. | | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor(s) will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| | Creditor | Description of Claim |
|---|---|---|
| a. | Blackridge Bank | Homestead |
| b. | | |
| c. | | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The Trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor'(s) principal residence. The debtor(s) will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. | | | | | | |
| d. | TOTAL | | | | | |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor(s) will pay the payments that come after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| | Creditor | Amount of Default | Int. Rate (if applicable) | Monthly Payment | Beg. In Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | — | | | | | | |
| b. | | — | — | | | | — |
| c. | | — | — | — | — | — | — |
| d. | TOTAL | | | | | | — |

**8. OTHER SECURED CLAIMS: SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(A)(5)]**-The Trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor'(s) discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. § 506(a).

| | Creditor Payments | Claim Amount | Secured Claim | Int. | Beginning in Month # | Monthly Payment | No. of Payments | Payments on Account | Adequate Protection | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | — | — | — | — | — | — | — | — | — | — |
| b. | — | — | — | — | — | — | — | — | — | — |
| c. | — | — | — | — | — | — | — | — | — | — |
| d. | TOTAL | | | | | | | | | — |

**9. PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | 2,500.00 | 250.00 | 1 | 10 | 2,500.00 |
| b. | Domestic Support | — | — | — | — | — |
| c. | IRS | 24,275.00 | 515.00 | 1 | 10 | 5,160.00 |
| | | | 765.00 | 11 | 25 | 19,125.00 |
| d. | MN Dept. of Revenue | — | — | — | — | — |
| e. | TOTAL | | | | | 24,275.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS-** In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The Trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | | — | — | — | — | — | — |
| b. | | — | — | — | — | — | — |
| c. | TOTAL | | | | | | — |

**11. TIMELY FILED UNSECURED CREDITORS** -
The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid

under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of:   3,265.00      [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), 10©].
a.   The debtor(s) estimate(s) that the total unsecured claims held by creditors listed in ¶ 8 are:   0.00
b.   The debtor(s) estimate(s) that the debtor'(s) total unsecured claims (excluding those in ¶ 8 and ¶ 10 are:   349,918.98
c.   Total estimated unsecured claims are [line 11(a) + line 11(b)]:   349,918.98

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor(s) to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed..

**13. OTHER PROVISIONS** – The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

This plan is filed in good faith and constitutes the Debtor's best efforts. The effective date of the plan is the date of confirmation. The Debtor shall contribute all disposable income into the plan for the length of time set forth in paragraph 1 above. The debtor will submit copies of their state and federal income tax returns to the Trustee annually while this case is pending and shall be entitled to retain the first $2,000.00 if a joint filing, or $1,200.00 if single, plus any earned income credit and Minnesota Working Family Credit. Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments. Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending. The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. §1305.

**14. SUMMARY OF PAYMENTS -**

| | |
|---|---:|
| Trustee's Fee [Line 2]: | 3,060.00 |
| Home Mortgage Defaults [Line 6(d)]: | |
| Claims in Default [Line 7(d)]: | |
| Other Secured Claims [Line 8(d)]: | |
| Priority Claims [Line 9(e)]: | 24,275.00 |
| Separate Classes [Line 10(c)]: | |
| Unsecured Creditors [Line 11]: | 3,265.00 |
| **TOTAL [must equal Line 1(d):** | 30,600.00 |

Logan Moore

Attorney for Debtor(s)
1118 Broadway
Alexandria, MN 56308
(320) 763-6561
Atty. ID: 312083

Signed:   /e/ Grant D. Hanson
Grant D. Hanson, Debtor 1

Signed:   /e/ Deborah L. Hanson
Deborah L. Hanson , Debtor 2

W:\2016\16-053\march 23 2016 plan.wpd